**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN GREGORY WILLIAMS, | No.   17-15490 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05213-VC |
| v. | |
| LORI KOHLER, Physician and Surgeon and KATHLEEN TONTI-HORNE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted March 14, 2018[**]
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and VITALIANO,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Gregory Williams appeals the district court's order granting summary judgment for Dr. Lori Kohler in his action under 42 U.S.C. § 1983 alleging that Kohler violated his Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291.

Williams failed to raise a genuine issue of material fact that Kohler was deliberately indifferent to Williams's serious medical needs. There is no evidence in the record that Kohler "purposefully ignore[d] or fail[ed] to respond to" Williams's condition. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Even if Kohler "was convinced that her diagnosis was correct" and negligently failed to pursue other diagnostic avenues, there is no evidence that she "was subjectively aware that her failure to conduct a differential diagnosis created a 'substantial risk of serious harm'" to Williams. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Although Williams offered the report of Dr. Philip Grant, which opined that Kohler "should have inferred that Mr. Williams had a serious medical need and that a substantial risk of serious harm existed," a "failure to alleviate a significant risk that [Kohler] should have perceived but did not, while no cause for

2

commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.[1]

**AFFIRMED.**

---

[1] Williams argued in his complaint that Kohler "knew that Plaintiff was at risk for disseminated *Cocci*," but failed to identify and treat these symptoms. However, Williams "does not specifically and distinctly argue the issue" on appeal, and therefore it is waived. *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005). Even if it were not waived, the argument is meritless because no evidence in the record supports an inference that Kohler knew Williams was at risk for Cocci or any other infection. *Cf. Lolli v. Cty. of Orange*, 351 F.3d 410, 420–21 (9th Cir. 2003)